Committe v. Yen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of April, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                  *Circuit Judges*,
             ERIC N. VITALIANO,[1]
                  *District Judge*.

_____

BRUCE COMMITTE,

                         *Plaintiff-Appellant*,

              v.                                          18-1540-cv

DAVID C. YEN, MICHAEL McAVOY, DENO CHARLENE,
LISA FLYNN, JOHN AND JANE DOES,

                         *Defendants-Appellees*.

_____

Appearing for Appellant:    Bruce Committe, pro se, Lakewood, OH.

---

[1] Judge Eric N. Vitaliano, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellees:     Victor Paladino, Laura Etlinger, Assistant Solicitors General, *for* Letitia James, Attorney General for the State of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Bruce Committe appeals from the May 7, 2018, judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*), dismissing his claims that members of a hiring committee at the State University of New York in Oneonta ("SUNY") discriminated against him based on his age and disability and violated his First Amendment rights to free speech and academic freedom. The district court also denied Committe's motions challenging the constitutionality of 28 U.S.C. § 1915 and Judge D'Agostino's individual procedural rule that pre-motion letters must precede motions. Committe also argues that the magistrate judge was biased against him and should have been recused. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). Assuming without deciding that age and disability discrimination claims are cognizable under Section 1983, we must determine if the facts alleged in the complaint "plausibly support[]" the following elements: "that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Committe's complaint does not meet this minimal standard. Committe alleges that both of the candidates that were offered the teaching positions for which he applied were younger and less-qualified than he was. These conclusory allegations do not plausibly support a discrimination claim because Committe has not pled the qualifications for the position, whether his qualifications met those requirements, or whether the other candidates' qualifications met those requirements. The same fate befalls Committe's allegation that the hiring committee gave him negative evaluations for his teaching demonstration in order to cover up its discriminatory animus. The negative evaluations that SUNY gave Committe—which we may consider because they are integrated into the complaint, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)—conveyed legitimate concerns that Committe's teaching philosophy conflicted with the university's curriculum and needs and equally legitimate concerns about Committe's practical skills as a teacher. Committe's allegation that an elderly SUNY professor had created administrative difficulties by taking medical leave does not support an inference that these legitimate reasons for not offering Committe the position were pretext for discrimination. Committe's complaint therefore does not plausibly support an inference that Defendants-Appellees are liable for age discrimination.

Committe's allegation that SUNY violated his First Amendment guarantees of free speech and academic freedom by requiring him to give a teaching demonstration also fails. Although we have recognized that the First Amendment protects academic freedom, *Burt v. Gates*, 502 F.3d 183, 190 (2d Cir. 2007), a university may nonetheless place parameters on scholarship when the parameters protect the university's legitimate interest in ensuring that teaching candidates can communicate ideas effectively. *Cf. Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988) (noting that schools may exercise some control over speech in schools if the school's actions are "reasonably related to legitimate pedagogical concerns"). Therefore, SUNY did not violate Committe's First Amendment rights to free speech or academic freedom by requiring him to perform a teaching demonstration as a candidate for a teaching position.

The district court also properly held that Committe's failure-to-train claim failed because Committe has not satisfactorily pled that any SUNY employees discriminated against him or violated his First Amendment rights. *See Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992).

Lastly, Committe's miscellaneous challenges to the district court's procedure are unavailing. First, Committe does not have standing to challenge either Section 1915's constitutionality or the district judge's individual practices because Committe has not suffered an injury from the district court's review of his complaint under Section 1915 or from the district court's pre-motion letter requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Committe's motion to remove the magistrate judge is moot and otherwise fails on the merits because Committe's allegation that the magistrate was biased was impermissibly premised solely on adverse rulings. *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

We have considered the remainder of Committe's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.


        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

3